# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7008 | **DATE** | 9/17/2003 |
| **CASE TITLE** | CUMMINS-ALLISON CORP. vs. GLORY, LTD., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: This Court grants Cummins motion to strike Glory's eight affirmative defense and denies Cummins motion to dismiss counterclaims two through six [#76-1, 77-1, 77-2].

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| ✓ | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | 122 |
| | Copy to judge/magistrate judge. | | | |
| CG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CUMMINS-ALLISON CORP., an Indiana Corporation,<br><br>                  Plaintiff,<br><br>v.<br><br>GLORY LTD., a Japanese Corporation;<br>GLORY SHOJI CO., LTD, a Japanese<br>Corporation; and GLORY (U.S.A.), INC.,<br>a California Corporation,<br><br>                  Defendants. | 02 C 7008<br><br>Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

This is an action by Cummins-Allison Corp. ("Cummins") against Glory Ltd., Glory Shoji Co., Ltd. and Glory (U.S.A.), Inc. (collectively "Glory") alleging infringement of Cummin's U.S. Patent No. 6,459,806 ("the '806 patent"). Glory has six counterclaims based on patent invalidity, unenforcibility, and non-infringement of the '806 patent, relief for patent misuse, unfair competition under the Lanham Act and state common law, intentional interference with prospective business advantage and negligent interference with prospective business advantage. For the reasons set forth in this Memorandum Opinion and Order, the Court grants the plaintiff's motion to strike Glory's eighth affirmative defense and denies plaintiff's motion to dismiss counterclaims two through six.

## FACTS

This case is based on the '806 patent, entitled "Method and Apparatus for Currency Discrimination and Counting." (Compl. ¶ 9). The patent generally relates to technology used to rapidly and automatically denominate stacks of U.S. currency. Cummins is the owner of the patent. (*Id.* ¶ 8).

Glory's state common law and Lanham Act unfair competition counterclaims and intentional and negligent interference with prospective business advantage counterclaims are based on a letter from Cummins to Glory's customers, dated October 2, 2002. (Pl. Mot. for Dismissal ¶ 1.). The letter informed those prospective customers of Cummins' patent infringement lawsuit against Glory. (*Id.*). The letter also stated that Cummins was prepared to match Glory's price on comparably featured machines. (*Id.*).

## DISCUSSION

### I. Motion to Strike Affirmative Defense Eight

Cummins moves pursuant to Federal Rule of Civil Procedure 12(f) for entry of an order striking Glory's eighth affirmative defense alleging patent misuse. Upon motion by a party, Rule 12(f) allows the court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

Glory's patent misuse affirmative defense states that "the '806 patent is unenforceable due to its misuse by Plaintiff." (Am. Answer ¶ 28.) On its own, this affirmative defense is insufficient, since "misuse" is unclear and overly broad. However, Glory's second counterclaim is properly pled since it alleges that Cummins did not bring the infringement suit against Glory to enforce a patent right, but instead brought the suit

knowing there was no infringement in an attempt to gain anticompetitive strength. (*Id.* ¶ 43). Glory's subsequent memo never provides any additional allegations of misuse other than the allegations pled in the counterclaim. (Mem. Supp. Def. Opp'n Pl. Mot. Strike Affirmative Def. and Dismiss Countercl. at 3-5). If the allegations pled in the counterclaim are also attached to the patent misuse affirmative defense, then the affirmative defense is redundant. If the allegations are not attached to the affirmative defense, then it remains insufficient. Therefore pursuant to Rule 12(f), Glory's eighth affirmative defense is stricken.

## II. Rule 12(b)(6)

When ruling on a Rule 12(b)(6) motion to dismiss, courts must construe the complaint in the light most favorable to the plaintiff. *Caldwell v. City of Elwood*, 959 F.2d 670, 671 (7th Cir. 1992). In keeping with this end, the facts pleaded in the complaint are taken as true. *Harris v. Brock*, 835 F.2d 1190, 1192 (7th Cir. 1987). Therefore, courts must consider "whether relief is possible under any set of facts that could be established consistent with the allegations." *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992).

First, Glory's second counterclaim sufficiently states a claim for patent misuse. 35 U.S.C. § 271(d) provides that bringing a patent suit to enforce one's patent rights does not of itself constitute patent misuse, there must be bad faith and improper purpose in bringing the suit, in implementation of an illegal restraint of trade. *Glaverbel Societe Anonyme v. Northlake Mktg. & Supply Inc.*, 45 F.3d 1550, 1558 (Fed. Cir. 1995). The determination of bad faith is a question of fact which is determined on a case by case basis. *Zenith Elec. Corp. v. Exzec, Inc.* 182 F.3d 1340, 1355 (Fed. Cir. 1999).

In this case Glory's second counterclaim contains allegations that, if proved true, conceivably could persuade a trier of fact that Cummins brought this suit in a bad faith attempt to expand the patent beyond its lawful scope or made allegations of infringement by Glory without having a reasonable belief that there was in fact infringement. Therefore, Cummins motion to dismiss Glory's second counterclaim is denied.

Second, Glory's third and fourth counterclaims sufficiently state claims for unfair competition under the common law and the Lanham Act, section 43(a). Allegations that a party falsely represented to a business's customers that the business was infringing on the party's patent rights will support claims for unfair competition under the common law and the Lanham Act. *See, e.g. Laitram Machinery, Inc. v. Carnitech A/S*, 901 F.Supp. 1155, 1162 (E.D.La. 1995) (issues of fact concerning plaintiff's allegation that defendant made false representations to plaintiff's customers that plaintiff had infringed defendant's patent rights precluded summary judgment for defendant on plaintiff's Lanham Act claim); *Brandt Consol., Inc. v. Agrimar Corp.*, 801 F.Supp. 164, 170 (C.D. Ill. 1992)(denying motion to dismiss Lanham Act claim based on allegation that defendant sent false patent infringement letters to plaintiff and its customer).

At this point in the litigation the allegations in this case are sufficient to state a claim of unfair competition under both the Lanham Act and common law, because they go beyond mere allegation of legitimate enforcement of patent rights. Glory's counterclaims contains allegations that, if proved true, conceivably could persuade a rationale trier of fact that Cummins engaged in unfair competition by sending a letter regarding the patent infringement to Glory's potential customers and offering lower prices. Therefore Cummins motion to dismiss Glory's third and fourth counterclaims are

dismissed.

Finally, Glory's fifth and six counterclaims sufficiently state claims for intentional and negligent interference with prospective business advantage. Cummins' believes these counterclaims fail to state a claim because the letter they sent to customers constitutes communication of accurate information about its patent rights to customers, and thus does not constitute bad faith. *Zenith*, 182 F.3d at 1355; *Mikohn Gaming Corp. v. Acres Gaming, Inc.* 165 F.3d 891, 897 (Fed. Cir. 1998). However, this court's determination as to the nature of the letter and the circumstances under which it was sent to potential customers requires a further inquiry that is inappropriate at this time. Therefore, Cummins motion to dismiss Glory's fifth and six counterclaims is denied.

## CONCLUSION

For the foregoing reasons, this Court grants Cummins motion to strike Glory's eighth affirmative defense and denies Cummins motion to dismiss counterclaims two through six (##76-1, 77-1, 77-2).

SO ORDERED

ENTERED:

HON. RONALD A. GUZMAN
United States Judge

DATE: 9/17/03